[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court, after hearing and reviewing the evidence presented by the parties, makes the findings and enters the orders hereinafter articulated.
Plaintiff Donald M. Gerarde and the defendant whose maiden name was Beverly A. McDonald, were married on September 21, 1980 in Seymour, Connecticut.
The plaintiff resided continuously in this state for at least twelve months preceding the date of filing the complaint in this case.
The parties have three minor children who were born issue of the marriage, to wit: Donald Joseph Gerarde, born November 6, 1981, Katherine Ann Gerarde, born February 14, 1983, and Monica Lynn Gerarde, born September 6, 1984; as well as one minor child born prior to and legitimated by the marriage, to wit: Samara Gerarde, born June 29, 1978.
The parties have acquired an ownership interest in real estate on premises known as 1013 Naugatuck Avenue in Milford, Connecticut.
Inasmuch as the marriage has broken down irretrievably, the marriage hereby is dissolved, and each party is declared single and unmarried
Having considered the statutory criteria contained in Connecticut General Statutes Sections 46b-56, 46b-62, 46b-81
and 46b-82, the court enters the following orders:
I. CUSTODY, CHILD SUPPORT AND VISITATION
A. Custody CT Page 10271
 The parties shall have joint legal custody of the minor children. The minor children shall reside with defendant Beverly A. Gerarde who is awarded their physical custody.
B. Child Support
 Plaintiff Donald M. Gerarde shall pay $305 per week to the defendant for support of said minor children. In addition, the plaintiff shall provide medical and dental insurance for the benefit of the minor children.
 The parties shall divide equally any uninsured, underinsured or unreimbursed portion of the minor children's medical or dental expenses. The foregoing insurance provisions are subject to Connecticut General Statutes Section 46b-84c.
 Provided the plaintiff father is current in his child support payments, he shall have the right to claim the minor children as dependents on his federal and state income tax returns. In this event, the defendant mother shall not claim said minor children as dependents and shall sign Federal Form 8332, or some comparable form waiving any entitlement to said exemption and provide it to the plaintiff on or before January 31 of each calendar year.
B. Visitation
 The plaintiff father shall have visitation with the minor children at a minimum of every other weekend, commencing on Saturday at 12:00 noon and ending on Sunday at 7:00 p.m., and on every Tuesday from 5:00 p.m. until 8:00 p.m. If the plaintiff does not intend to exercise a particular visitation period, he shall provide the defendant with at least 48 hours advance notice thereof.
II. ASSETS
A. Marital Residence
 As to the marital house and premises known as 1013 Naugatuck Avenue, Connecticut, defendant Beverly Gerarde shall have the right — exclusive of plaintiff Donald Gerarde to reside in, and plaintiff Donald M. Gerarde shall quit claim immediately three-fourths of his interest CT Page 10272 in said house and premises to defendant Beverly Gerarde. Said house and premises shall be sold no later than the date upon which the youngest child reaches the age of 18 or is emancipated. Defendant Beverly A. Gerarde shall be responsible for all mortgage payments, insurance, taxes and other related assessments on said property.
 Upon the sale of the marital house, the net proceeds realized from the sale after the payment of the mortgage obligations, other present encumbrances, the real estate brokerage commission and reasonable closing costs, including any attorney's fees, shall be divided and disbursed 7/8ths to defendant Beverly A. Gerarde and 1/8th to plaintiff Donald M. Gerarde.
 Neither party shall voluntarily encumber the subject property prior to its sale. Any further encumbrance against said property shall be paid solely out of the share of the net proceeds of the party incurring or responsible to pay any encumbrance involuntarily imposed.
B. Automobiles
 Defendant, Beverly Gerarde is awarded ownership and title to the Plymouth van and the plaintiff Donald Gerarde shall make all further payments necessary to pay any balance that may be due on its purchase price. Plaintiff Donald Gerarde is awarded ownership and title to the Toyota Truck. Each party shall sign forthwithly any documents necessary to effect the transfers of these motor vehicles.
C. Bank Accounts
 Each party shall retain the bank accounts listed on their August 1991 financial affidavits.
D. Pension
The plaintiff shall retain his pension.
E. Camper
 The defendant shall own and keep the camper, and camping equipment, including the camper computer.
F. Other Personal Property
The defendant shall own and have possession CT Page 10273 of all the household furnishings with the exception of the following items which shall be transferred to the plaintiff:
 a) Tool box in basement; b) Tool chest in basement; c) Corner table from bench recliner; d) Two pictures from basement; e) Mirror on wall in basement; f) Picnic table husband made dining room table from plaintiff's parents; g) Cable box which plaintiff purchased; h) Two lamps in bedroom; i) All of his clothes, shoes, boots and personal belongings;
III. LIABILITIES
Each party shall be responsible for paying one-half of the liabilities listed on the defendant's financial affidavit, dated August 15, 1991, to the extent that they had not been paid by August 27, 1991. The plaintiff shall pay and hold the defendant harmless against any arrearages on mortgages on the marital property that may have been outstanding on August 27, 1991. The plaintiff shall be solely responsible for any other liabilities listed on his financial affidavit, dated August 16, 1991.
IV. LIFE INSURANCE
The plaintiff shall maintain life insurance in the amount of $25,000 on his life and designate the minor children as the irrevocable beneficiaries until each child is emancipated or attains 18 years of age.
The plaintiff shall provide the defendant with notice on January 30 and June 30 of each year of the in-force effect of said insurance coverage.
V. ALIMONY
The plaintiff shall pay to the defendant $25.00 per week as alimony for a period of three years. This alimony award is modifiable upon the defendant's remarriage, cohabitation with an adult male or death.
VI. HEALTH INSURANCE FOR DEFENDANT
To the extent that group health insurance is available to the defendant pursuant to Connecticut General Statutes CT Page 10274 Section 38-538, and if the defendant desires such insurance, the plaintiff shall cooperate in facilitating such health insurance coverage at the plaintiff's expense.
VII. COUNSEL FEES
Each party shall be responsible for paying his or her respective counsel fees.
CLARANCE J. JONES, Judge